UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC JASON BREWER and RUDY AL JAMES,

    Plaintiffs,

  v.

MARY HOPPA, MARY SHERWOOD, BETTY TAAFFE, MARGO GILMORE, and TRACY KELLY,

    Defendants.

CASE NO. C10-5234BHS

ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS

This matter comes before the Court on Defendants' (collectively "Hoppa") motion to dismiss the matter for lack of subject matter jurisdiction (Dkt. 16) and Plaintiffs' (collectively "Brewer") other pending motions (Dkts. 18, 19, 21). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Hoppa's motion to dismiss for lack of subject matter jurisdiction and denies Brewer's remaining motions on the same basis as discussed herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of Brewer's desire to see the return of his children for whom he has lost custody. *See, e.g.,* Dkt. 1 (Complaint). On June 14, 2010, Hoppa moved to dismiss this action on the basis that:

ORDER - 1

(1) plaintiffs have failed to establish this Court's subject matter jurisdiction under 28 U.S.C. §1332; (2) plaintiffs' requested relief runs directly against the Quileute Tribe, a sovereign Indian tribe that has not waived its sovereign immunity from suit; (3) the Tribe is a required party to this action that cannot be joined; and (4) plaintiff Rudy James seeks to exploit his pro se status.

Dkt 16. Brewer did not file a response in opposition. Instead, on June 30, 2010, Brewer filed a motion for the Court to circumvent tribal sovereign immunity (Dkt. 18), a motion for a restraining order against Dr. Joseph Jensen (Dkt. 19), and a motion for a restraining order against Mary Hoppa (Dkt. 21). On July 9, 2010, Hoppa replied to their original motion to dismiss, attempting to read Brewers' subsequent filings (Dkts. 18, 19, 21) as papers opposing the motion to dismiss. Dkt. 26. On the same day, Hoppa filed responses in opposition to Brewer's motion for restraining order against Hoppa and Brewer's motion to circumvent tribal sovereign immunity. Dkts. 24, 25. Hoppa also submitted a reply to the joint motion to dismiss (Dkt. 16). *See* Dkt. 26.

## II. DISCUSSION

**A.    Diversity Jurisdiction**

Brewer filed this action as a diversity case. *See* Complaint. A federal court has subject matter jurisdiction where the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

**1.    Diversity of Citizenship**

The absence of complete diversity prevents a federal court from asserting jurisdiction over the subject matter absent a federal question. *See id*; *see also, e.g., Caterpiller v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction applying "only to cases in which the citizenship of *each plaintiff* is diverse from the citizenship of *each defendant*).

Because it can be seen from the face of Brewer's complaint that he is from Washington and at least one or more of the named defendants are also from Washington,

ORDER - 2

diversity of citizenship is not present. *See* Dkt. 1 (providing Washington addresses for the parties). Therefore, the Court does not have jurisdiction to hear this case. *See* 28 U.S.C. 1332(a).

### 2. Amount in Controversy

Hoppa argues that, even if a jurisdictional issue did not exist over diversity, the amount in controversy is insufficient to establish diversity jurisdiction. Dkt. 16 at 4. Brewer seeks monetary relief in the amount of $50,000,000, which is to serve as restitution. *See* Complaint at 6.

"[R]estitution is a legal remedy when ordered in a case at law and an equitable remedy . . . when ordered in an equity case . . . ." *Great West Life & Annuity Co. v. Knudsen*, 534 U.S. 204, 213 (2002) (quoting *Reich v. Continental Casualty Co.*, 33 F.3d 754, 756 (7th Cir. 1994) (Posner, J.)). In law, restitution is sought on contract claims, and in equity, it is sought to restore particular property or funds, as opposed to imposing personal liability against the defendant(s). *Id*. at 213-214. Neither of these instances for restitution are implicated by Brewer's Complaint.

Therefore, the amount in controversy requirement has not been satisfied.

### B. Sovereign Immunity

Brewer seeks relief in the form of (1) complete judicial review of the Quileute Tribal Court and personnel, including the conduct of the department; and (2) a full investigation of the Quileute Tribe's Indian Child Welfare Office ("ICW"), including personnel, for malicious conduct of case management and misappropriation of state monies.  Complaint at 12. These requests are problematic from a jurisdictional perspective.

To grant the relief sought by Brewer would require this Court to impose a judgment against the Quileute Tribe, not the named defendants. The Court does not possess such authority. It is well-settled that tribes inherently possess sovereign

ORDER - 3

immunity and with that, common law immunity from suit. *Kiowa Tribe v. Mfg. Techs.*, 523 U.S. 751, 754-755, 760 (1998); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).

Additionally, Brewer appears to have attempted to side step this hurdle by naming individual tribal employees. However, "[sovereign] immunity extends to tribal officials when acting in their official capacity and within the scope of their employment." *Linneen v. Gila River Indian Cmty.*, 276 F.3d 489, 492 (9th Cir. 2002) (quoting *United States v. Oregon*, 647 F.2d 1009, 1013 n. 8 (9th Cir. 1981)). For purposes of sovereign immunity, there is no relevant difference between tribal officials and tribal employees. *Cook v. Avi Casino Enterprises, Inc*., 548 F.3d 718 (9th Cir. 2008). Therefore, the fact that Brewer has named the defendant tribal employees in their individual capacity is insufficient to circumvent the Quileute's Tribe's inherent sovereign immunity.

Because sovereign immunity bars Brewer's suit against these individuals, the Court lacks jurisdiction over the matter.

**C.     Failure to Join Party**

As discussed above, Brewer seeks a full investigation of the Quileute Tribal Court and the ICW. However, the Quileute Tribe is the real party in interest, under Fed. R. Civ. P. 19 (setting out rules on required parties). Because the tribe is immune from this suit and is a required party, the Court must either dismiss the matter or, if equity and good conscience dictates, proceed with the action against the existing parties. *See* Fed R. Civ. P. 19(b) (as amended 2007). Adjudicating this matter without the joinder of the Quileute Tribe as a party could result in substantial prejudice to the Tribe. *See, e.g.*, *United States v. Oregon*, 657 F.2d at 1013; *see also Republic of the Philippines v. Pimentel*, 553 U.S. 851, 128 S. Ct. 2180, 2190 (2008) ("The dignity of a foreign state is not enhanced if other nations bypass its courts without right or good cause.").  The Supreme Court has held that prior to bypassing a tribal court, exhaustion of that court's remedies is required

ORDER - 4

as a matter of comity. *See Republic of the Philippines v. Pimentel*, 553 U.S. 851 (2008); *see also Atwood v. Fort Peck Tribal Court*, 513 F.3d 943 (9th Cir. 2007).

The Court must, therefore, decline to bypass the Quileute Tribe's courts in this matter. The tribe has not been, and cannot be, joined as a party. The Defendants named in this action appear to be immune from suit and, in any case, are not the real parties in interest. Finally, it does not appear that Brewer has exhausted his tribal remedies.

### III. ORDER

Therefore, it is hereby **ORDERED** that Hoppa's motion to dismiss for lack of subject matter jurisdiction (Dkt. 16) is **GRANTED**. All other pending motions are **DENIED** as moot.

DATED this 9th day of August, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5